**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vernon WATTS, Defendant–Appellant.**

No. 94–10272.

United States Court of Appeals,
Ninth Circuit.

Jan. 24, 1996.

Rehearing Denied April 2, 1996.

Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.

## ORDER DENYING REHEARING

▮ The government's petition for rehearing is denied. It argues for the first time that *Witte v. United States,* —— U.S. ——, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), overrules *United States v. Brady,* 928 F.2d 844 (9th Cir.1991). That argument is not properly before us. The government, after requesting and being granted an extension of time to file a petition for rehearing, elected not to do so within the extended time. It later requested that we hold the mandate so that it might brief to the court the effect of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). We stayed the mandate to allow the briefing of *Bailey.* We limit our consideration of the government's arguments to those directed to *Bailey.* We find them unpersuasive. The question here is not whether the jury was wrongly instructed in light of the teachings of *Bailey.* All agree it was wrongly instructed. Watts was acquitted of the 18 U.S.C. § 924(c) offense even under the pre-*Bailey* standard that required only that the firearm was within the possession or control of the defendant and available to him thus emboldening him to commit the underlying offense. Since Watts cannot be retried, the standard under which he was acquitted is cast in concrete for this case. The rationale that precludes sentence enhancement based on the acquitted conduct is not eroded by *Bailey.* *Bailey* does not affect the outcome of this case.