112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rene Enrique TINEO, Defendant-Appellant.
 No. 96-15881.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rene Enrique Tineo appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Tineo contends that the district court erred by denying his section 2255 motion because there was insufficient evidence to support his 18 U.S.C. § 924(c) conviction under Bailey v. United States, 116 S.Ct. 501 (1995). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo a district court's decision on a section 2255 motion, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 Tineo contends that an evidentiary hearing is necessary to resolve whether he used or carried a firearm in connection with a drug trafficking offense, since the firearms were discovered during the arrest of his co-conspirator, and there was insufficient evidence that he "actively employed" or displayed any firearms. This claim lacks merit.
 
 
 4
 Evidence offered to support a conviction is sufficient if, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996).
 
 
 5
 Section 924(c)(1) provides for enhanced penalties if the defendant uses or carries a firearm during and in relation to any crime of violence or drug trafficking offense. 18 U.S.C. § 924(c)(1) (Supp.1997). Prior to Bailey, a defendant "used" or "carried" a firearm pursuant to section 924(c) if the firearm was within his possession or control and available to him thus emboldening him to commit the underlying offense. See United States v. Watts, 79 F.3d 768, 769 (9th Cir.1996). After Bailey, a defendant "uses" a firearm if he actively employs it during and in relation to the predicate crime. See Bailey, 116 S.Ct. at 509; see Hernandez, 80 F.3d at 1258. A defendant "carries" a firearm if he transports it on or about his person, and has it immediately available for use. See Hernandez, 80 F.3d at 1258. A defendant can be held vicariously responsible for his co-conspirator's violation of section 924(c). See United States v. Pinkerton, 328 U.S. 640, 647-48 (1946); United States v. Castaneda, 9 F.3d 761, 765 (9th Cir.1993).
 
 
 6
 An evidentiary hearing is required unless the factual allegations, when viewed against the record, either do not state a claim for relief, or are so incredible or frivolous as to warrant summary dismissal. See Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam); see also 28 U.S.C. § 2255; United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 
 7
 Here, Tineo's co-conspirator, Harris, took a loaded gun from his back pocket and placed it on a nightstand in Tineo's hotel room, while he prepared drug ledgers for an upcoming cross-country marijuana haul. Tineo and an undercover DEA agent were also in the room. Additionally, Arizona police officers found a .380 and 9mm semi-automatic in the cabin of Harris's truck, when he was arrested.
 
 
 8
 The district court denied Tineo's section 2255 motion because he was convicted prior to the Supreme Court's decision in Bailey; even if Bailey applied, Tineo was guilty of using and carrying a firearm, since Harris had the gun on his person and in his immediate grasp, and actively employed the gun by putting it on the nightstand; and Tineo was responsible for the foreseeable actions of his co-conspirators.
 
 
 9
 There was sufficient evidence to support Tineo's section 924(c) conviction because, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that Harris used and carried a firearm during and in relation to a drug trafficking offense under the pre or post Bailey definitions of "use" and "carry." See Hernandez, 80 F.3d at 1258; Watts, 79 F.3d at 769. Similarly, the district court did not err by refusing to conduct an evidentiary hearing, since the record supports the theory that Tineo, as a leader in an interstate marijuana smuggling ring, could reasonably foresee his employees carrying firearms to protect themselves or their cargo. See Pinkerton, 328 U.S. at 647-48; Casteneda, 9 F.3d at 765. Accordingly, the district court did not err by denying Tineo's section 2255 motion. See Sanchez, 50 F.3d at 1451-52.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Tineo's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3