**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin Allen JOHNSON, Defendant–**
**Appellant.**

**No. 91–30242.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 5, 1993.*

Decided March 4, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Martin Allen Johnson, pro se.

William W. Youngman, Asst. U.S. Atty., Kathleen E. Trever, Certified Law Clerk, Portland, OR, for plaintiff-appellee.

Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.

TROTT, Circuit Judge:

Martin Allen Johnson attempts to appeal the district court's denial of his former Rule 35(a) motion to correct his sentence. Specifically, Johnson contends that our decision in *United States v. Gomez*, 911 F.2d 219 (9th Cir.1990), renders illegal the sentence imposed for his conviction on Count Three of the Indictment, a violation of 18 U.S.C.App. § 1202(a) ("Convicted Felon in Possession of Firearms"). Treating his appeal as a denial of an action brought pursuant to 28 U.S.C. § 2255 (1988), we exercise jurisdiction under the authority of *United States v. Karp*, 764 F.2d 613, 614 n. 1 (9th Cir.1985), and we affirm.

I

On May 28, 1986, a federal grand jury returned a three-count indictment against Johnson. Counts One and Two related to

Johnson's possession of cocaine and marijuana with the intent to distribute. Count Three charged Johnson with possessing firearms in violation of 18 U.S.C.App. § 1202(a) (repealed 1986). Johnson was convicted on all three counts in August, 1986, and was sentenced to twenty years in prison on Count One, ten years in prison on Count Two, and two years on Count Three. Johnson appealed his sentence, and we affirmed. *United States v. Johnson,* 822 F.2d 62 (9th Cir.1987).

On February 5, 1991, Johnson filed a motion to correct his two-year sentence on Count Three under former Fed.R.Crim.P. 35(a) (1986). In his motion, Johnson contended (1) Oregon law did not prohibit him from possessing firearms; (2) his prior felony conviction was reduced to a misdemeanor upon completion of his probation; and (3) the evidence introduced at trial was insufficient to establish actual or constructive possession of the firearms. The district court denied his motion in an Order filed April 12, 1991. On May 15, 1991, Johnson filed a subsequent action in district court contesting the district court's Order denying his Rule 35(a) motion. We construed the filing of this subsequent action as a timely notice of appeal in our Order filed May 12, 1992.

## II

■ First, we dispose of some jurisdictional and procedural complications. The old version of Rule 35(a) applicable to this case provides:

(a) **Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

Fed.R.Crim.P. 35(a) (1986). "Rule 35 distinguishes among motions to reduce or correct an 'illegal' sentence, a lawful sentence, and a 'sentence imposed in an illegal manner.'" *United States v. Fowler,* 794 F.2d 1446, 1449 (9th Cir.1986), *cert. denied,* 479 U.S. 1094, 107 S.Ct. 1309, 94 L.Ed.2d 153 (1987). "An illegal sentence may be corrected at any time, but a motion to reduce a lawful sentence or to correct a sentence imposed in an illegal manner must be made within the 120–day period prescribed by Rule 35." *United States v. Stump,* 914 F.2d 170, 172 (9th Cir.1990). We have defined an illegal sentence as one which is not authorized by the judgment of conviction, or is in excess of the permissible statutory penalty for the crime, or is in violation of the Constitution. *Fowler,* 794 F.2d at 1449.

Johnson argues the sentence imposed for his conviction on Count Three is "illegal." His pleadings, however, do not contend his sentence is unauthorized by the judgment of conviction, exceeds the permissible statutory penalty for his crime, or violates his constitutional rights. Instead, Johnson argues he should not have been convicted on Count Three because, among other reasons, he was not a "felon in possession" as proscribed by 18 U.S.C.App. § 1202(a), *repealed by* Pub.L. 99–308, § 104(b), 100 Stat. 459 (May 19, 1986). The motion based upon Rule 35(a), therefore, is improper and the appeal normally would be dismissed.

■ However, the "unfortunate mislabelling of his motion is not necessarily fatal to maintaining [Johnson's] claims [because] [t]he pleadings of a *pro se* inmate are to be liberally construed." *United States v. Young,* 936 F.2d 1050, 1052 (9th Cir.1991). We may treat a Rule 35 motion as one brought under 28 U.S.C. § 2255. *Id.; see also United States v. Kohl,* 972 F.2d 294, 296–97 (9th Cir.1992). We may do this even though Johnson failed to invoke § 2255 in the district court. *Karp,* 764 F.2d at 614 n. 1.

■ When a district court fails to construe the pro se defendant's motion to correct a sentence as a § 2255 petition, and subsequently denies the Rule 35(a) motion for procedural defects, we will remand to allow the district court to reach the merits of the case. *See United States v. Eatinger,* 902 F.2d 1383, 1385 (9th Cir.1990) (per curiam). In this case, however, "a remand would be pointless because, unlike *Eatinger,* the district court rejected [Johnson's] claims on the merits." *Young,* 936 F.2d at 1052 n. 1. Therefore, we will address the

merits of Johnson's claims as though they arise under § 2255. *Id.* at 1052. The denial of a motion under § 2255 is reviewed de novo. *Walker v. United States,* 816 F.2d 1313, 1316 (9th Cir.1987).

### III

■ The gravamen of Johnson's contention is that under *United States v. Gomez,* 911 F.2d 219 (9th Cir.1990), he was excluded from the class of felons otherwise prohibited from possessing firearms by 18 U.S.C.App. § 1202(a) (repealed 1986). We disagree.

In *Gomez,* we held that a state statute can restore a convicted felon's civil rights and thus effectively bar prosecution under the federal statute for unlawful possession of a firearm. *Id.* at 222. In that case, Gomez, who had a long record of felony convictions in Idaho but who had completed his sentences for those state convictions, was convicted subsequently in federal court for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g).[1] On appeal, Gomez argued his conviction must be reversed because, under 18 U.S.C. § 921(a)(20),[2] he was no longer prohibited by § 922(g) from possessing firearms. We agreed and reversed Gomez's conviction. We first noted that if Idaho expressly restricted a convicted felon's rights to possess firearms, then Gomez was properly convicted under § 922(g). *Gomez,* 911 F.2d at 221. We further noted, however, that "Idaho does not expressly provide that a convicted felon may not ship, transport, possess or receive firearms." *Id.* at 222 (internal quotation omitted). Therefore, we explained, "[b]ecause Idaho has no such express provision in its code, ... [w]e cannot say at the time of his arrest he stood 'convicted' of a crime punishable by impris-

onment for a term exceeding one year within the meaning of section 922(g)." *Id.*

Our holding in *Gomez,* however, does not affect Johnson's conviction for two reasons. First, Johnson was convicted of violating 18 U.S.C.App. § 1202 (repealed 1986), a predecessor to 18 U.S.C. § 922(g). Section 1202 contains no limiting provisions similar to § 921(a)(20) discussed in *Gomez.* Instead, § 1202(a) prohibits "[a]ny person who has been convicted by a court of the United States or of a State ... of a felony" from possessing a firearm. The statute defines "felony" as "any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less...." 18 U.S.C.App. § 1202(c)(2).

Here, Johnson was convicted of a Class C felony in Oregon in 1983, a felony offense as defined in § 1202(c)(2). Therefore, regardless of the new provisions of § 921, Johnson was properly included among the class of convicted felons prohibited from possessing firearms under § 1202.

■ Second, even if we applied § 921(a)(20), Johnson's argument still fails. In *Gomez,* we reversed Gomez's conviction under § 922(g) because Idaho had fully restored Gomez's civil rights after the completion of his sentence without placing any restriction on his right to possess firearms. In the instant case, Johnson correctly points out that Oregon restores a convicted felon's civil rights upon the completion of his sentence. Or.Rev.Stat. § 137.281(5) (1991). Johnson, however, fails to notice that Oregon, unlike Idaho, expressly restricts a convicted felon's right to possess

---

1. Section § 922(g) provides:
   It shall be unlawful for any person—
   (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess ... any firearm or ammunition.

2. Section 921(a)(20) limits the class of felons prohibited by § 922(g) from possessing firearms:

Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

firearms. *Id.* § 166.270.[3] Applying *Gomez*, then, we conclude Johnson was prohibited by § 922(g) from possessing a firearm because Oregon "expressly restricted convicted felons from possession of firearms." *Gomez*, 911 F.2d at 222. Therefore, Johnson "was properly convicted . . . notwithstanding his restoration of other civil rights." *Id.* at 221.

## IV

■ Johnson also contends his state felony conviction was reduced to a misdemeanor upon his successful completion of probation and, therefore, he should not have been considered a "felon" in possession as defined in § 1202(a)(1). There is nothing, however, in either the record or the Oregon statutes which renders a misdemeanor Johnson's conviction of an Oregon Class C felony in 1983. Moreover, even if his conviction was converted to a misdemeanor after his completion of probation, Johnson's offense took place in April, 1986, four months before the end of his probation. Thus, it is clear that on the date he was apprehended with a firearm, Johnson was a felon prohibited by Oregon law from possessing the firearms with which he was caught. Johnson's argument is meritless.

## V

■ Johnson also contends the evidence introduced at trial was insufficient to establish actual or constructive possession of the firearms. Since his conviction in October, 1986, Johnson has made several motions challenging different aspects of his conviction and sentence. Despite the seriousness of this allegation, however, Johnson first raised the issue in the instant case. Section 2255, however, is not designed to provide criminal defendants multiple opportunities to challenge their sentence. *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir.1985). If a criminal defendant could have raised a claim of error on direct appeal but nonetheless

failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). "Once the defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum." *Id.* at 164, 102 S.Ct. at 1592. "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980) (quotations omitted), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981).

Here, Johnson's argument is nothing more than a "merely conclusory statement," and demonstrates neither cause excusing his procedural default nor actual prejudice resulting from the claim of error. Therefore, we affirm the district court and reject Johnson's sufficiency of the evidence argument.

## VI

■ Finally, Johnson argues his conviction on Count Three was prohibited by the doctrine of "entrapment by estoppel." We do not address this issue because Johnson failed to include it in his motion to the district court, and the district court did not address it. *Willard v. California*, 812 F.2d 461, 465 (9th Cir.1987).

## CONCLUSION

We agree with the district court that Johnson was properly convicted on Count Three of the indictment despite our holding in *United States v. Gomez*, 911 F.2d 219 (9th Cir.1990). We also hold that Johnson failed to adequately demonstrate cause and prejudice in his sufficiency of the evidence argument. Finally, we do not address Johnson's entrapment by estoppel argument because he failed to raise the issue in

---

**3.** Although the language of the Oregon statute has been changed over the last ten years, the state statute has always prohibited felons from possessing pistols, revolvers or other concealable firearms. *See* Or.Rev.Stat. 166.270 (1985) & (1982). Here, Johnson was convicted of possessing three pistols and one revolver.

the district court. Therefore, we affirm the district court's denial of Johnson's motion.

AFFIRMED.