17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andres Fontes LOPEZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-16022.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andres Fontes Lopez (Fontes), a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. We review de novo, United States v. Johnson, 988 F.2d 941, 944 (9th Cir.1993), and we affirm.
 
 
 3
 In 1990, following a jury trial, Fontes was convicted of (1) possession of cocaine with intent to distribute and (2) conspiracy to commit this offense. In his section 2255 motion, Fontes claimed that the evidence presented at trial was insufficient to sustain his convictions. Because Fontes failed to challenge the sufficiency of the evidence on direct appeal, he has procedurally defaulted this claim. See Johnson, 988 F.2d at 945 (challenge to sufficiency of the evidence is procedurally defaulted if it is not raised on direct appeal) (citing United States v. Frady, 456 U.S. 152, 168 (1982)). Therefore, to obtain collateral relief under section 2255, Fontes must demonstrate both cause for the default and actual prejudice resulting from the alleged error. See id.
 
 
 4
 Fontes has not alleged cause to excuse the procedural default. Moreover, even if he could demonstrate cause, we conclude that he has not suffered actual prejudice. In its order denying the section 2255 motion, the district court carefully reviewed the evidence against Fontes. We agree with the district court's conclusion that the evidence was sufficient to support Fontes's convictions. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (conviction must be upheld if the evidence, viewed in the light most favorable to the government, is sufficient to allow a rational jury to find the defendant guilty beyond a reasonable doubt). Accordingly, the district court did not err by denying Fontes's section 2255 motion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Fontes's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3