50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis FRIDAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56134.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Friday appeals pro se the denial of his third 28 U.S.C. Sec. 2255 motion. We have jurisdiction and affirm.
 
 
 3
 Friday was convicted of conspiracy, attempted bank fraud, and money laundering. Friday represented himself on appeal. He appealed the conviction and the denial of his first Sec. 2255 motion. In a consolidated proceeding, we affirmed.
 
 
 4
 On April 20, 1994, Friday filed his second Sec. 2255 motion, which raised several claims. The district court denied the motion summarily on April 21, 1994. Friday did not appeal.
 
 
 5
 On June 14, 1994, Friday filed a third Sec. 2255 motion which raised one claim: the superseding indictment was multiplicitous. The district court denied the motion summarily on June 23, 1994 because the claim was frivolous and the petition successive. Friday filed an notice of appeal from that order. In his briefs to this court, Friday mentions the multiplicity claim in passing and devotes the bulk of the brief to a dozen other claims--some of which had been raised in the second Sec. 2255 petition and others that had been raised on direct appeal.
 
 
 6
 Friday argues that the superseding indictment was multiplicitous. In the direct appeal, we held that Friday had waived any alleged defects in the superseding indictment by not raising them in a pretrial motion. United States v. Friday, Nos. 91-50200 et al., unpublished memorandum disposition at 1-2 (9th Cir. Mar. 21, 1994) (citing Fed.R.Crim.P. 12(b)(2)). We further concluded that the superseding indictment was not defective. Id. Consequently, we do not consider the multiplicity claim in this successive collateral proceeding. See United States v. Polizzi, 550 F.2d 1133, 1135 (9th Cir.1976) (court may refuse to entertain a Sec. 2255 motion based on claims of error which were previously rejected on the merits in a direct appeal).
 
 
 7
 We decline to consider the remaining claims because they are not properly before us. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994) (per curiam) (declining to consider a claim that was not raised in the district court petition); see also United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) ("Section 2255 ... is not designed to provide criminal defendants multiple opportunities to challenge their sentences."); Polizzi, 550 F.2d at 1135.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3