60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Michael NEYLAND, Defendant-Appellant.
 No. 94-36110.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 MEMORANDUM**
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 William Michael Neyland, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence imposed following a jury trial and conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). Neyland was sentenced to the statutory minimum of 15 years imprisonment under 18 U.S.C. Sec. 924(e)(1). Neyland contends that his trial attorney provided ineffective assistance.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 We review a denial of a section 2255 motion de novo. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir. 1995); Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994). Whether a defendant received ineffective assistance of counsel is a legal question also reviewed de novo. Sanchez, 50 F.3d at 1456. In order to prevail, a defendant must show that (1) his counsel's performance was deficient and (2) the ineffective assistance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). As a general rule, issues not raised in the district court will not be considered on appeal. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).
 
 
 3
 Neyland contends that his attorney provided ineffective assistance because she failed to establish a defense strategy or properly investigate his motion to suppress the firearm. Neyland, however, did not raise this issue as a basis for ineffective assistance of counsel in the district court. Neyland's section 2255 motion to the district court contended that his attorney was ineffective because she failed to object to the imposition the minimum mandatory sentence for an Armed Career Criminal, and that she failed to raise an Ex Post Facto defense to the sentence enhancement. Thus, to the extent that Neyland claims that counsel was ineffective for failing to properly investigate the motion to suppress, we refrain from reaching the merits of this issue because it was not raised in the district court. See Johnson, 988 F.2d at 945.[2]
 
 
 4
 To the extent that Neyland is arguing the grounds for ineffective assistance originally raised in the district court, he has not shown that his attorney was ineffective or that he was prejudiced by his attorney's actions. The district court properly found that the Ex Post Facto Clause was not applicable because Neyland's sentence was enhanced under 18 U.S.C. Sec. 924(e), and not the Sentencing Guidelines as he alleged. Moreover, the district court properly noted that Neyland's sentence, and his status as a career offender, was affirmed on direct appeal to this court. Thus, Neyland's attorney was not deficient for allegedly failing to raise these defenses at trial. See Strickland 466 U.S. at 687.
 
 
 5
 Accordingly, the district court properly dismissed Neyland's section 2255 motion to vacate, set aside or correct his sentence.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Neyland's motion for extention of time to file reasons for granting oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Neyland references a sentencing issue in the table of contents of his Opening Brief. The body of the brief, however, contains no discussion of the sentencing issue. Neyland also failed to discuss the sentencing issue in his Reply Brief, even though the government noted in the Appellee's Brief that Neyland failed to discuss the sentencing issue in the body of his brief. Thus, we assume that the sentencing issue was intentionally omitted
 
 
 [2]
 Even if we were to reach the merits of this claim, Neyland is unable to show prejudice. See Strickland, 466 U.S. at 687. This court affirmed the district court's denial of the suppression motion on direct appeal in a memorandum disposition dated March 1, 1993, No. 92-30018