67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel SOLIS, aka: Hector Joaquin Ulloa, Defendant-Appellant.
 No. 94-56464.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Solis, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence for conspiracy to import and possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Solis contends that the district court erred by summarily denying his Sec. 2255 motion. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 Solis contends that he received ineffective assistance because his trial counsel failed to properly investigate the case, conduct pretrial discovery, and file a motion to suppress the cocaine based upon an illegal search and seizure. Solis asserts that counsel's ineffectiveness rendered his guilty plea involuntary.
 
 
 4
 "As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek habeas corpus relief on the basis of pre-plea constitutional violations. A defendant may only attack the 'voluntary and intelligent character of the guilty plea ...' " Moran v. Godinez, 40 F.3d 1567, 1577 (9th Cir.1994); see also United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) ("defendant's guilty plea waives all nonjurisdictional defect claims").
 
 
 5
 Here, after being advised of his constitutional rights at the Rule 11 hearing, Solis admitted that he entered an agreement to transport a controlled substance across the Mexican border. Solis's sworn admissions at the Rule 11 hearing established a factual basis for his guilty plea, and there is no indication that Solis's guilty plea was involuntary. Accordingly, we decline to consider on habeas appeal Solis's alleged pre-plea constitutional violations. See Moran, 40 F.3d at 1577.
 
 
 6
 Solis also contends that his trial counsel was ineffective at the sentencing hearing because he failed to object to the improper calculation of Solis's criminal history category. At the sentencing hearing, the district court determined that Solis's Sentencing Guidelines range was 168-210 months based upon an offense level of 33 and a criminal history category of III.
 
 
 7
 Solis's criminal history category of III was correctly calculated based upon three points for his prior convictions for one misdemeanor battery, and two (DUI) offenses. See U.S.S.G. Secs. 4A1.1(c) and 4A1.2(e)(2). Because Solis was on probation for the DUI offenses when the conspiracy offense occurred, two criminal history points were added resulting in five points for a category of III. See U.S.S.G. Sec. 4A1.1(d). Thus, Solis was not prejudiced by his trial counsel's decision not to object to the criminal history category calculations. See Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 8
 Finally, Solis asserts that trial counsel was ineffective for failing to request a downward departure based on the overrepresentation of Solis's criminal history, or to argue for a downward adjustment for Solis's role in the offense. Solis, however, raises these issues for the first time in this appeal. As a general rule, issues not raised in the district court will not be considered on appeal. United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). Thus, we decline to reach the merits of these new issues raised by Solis. See id.
 
 
 9
 Accordingly, the district court properly dismissed Solis's Sec. 2255 motion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3