83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William McKinley JOHNSON, Defendant-Appellant.
 No. 95-16124.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner William McKinley Johnson appeals the denial of his 28 U.S.C. § 2255 motion challenging his 20-year sentence for aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2(a) and 2113(a), (d). Johnson contends that the district court erred by denying his claim that he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo the district court's denial of a section 2255 motion and for clear error the court's underlying factual findings. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 Background
 
 3
 On April 7, 1983, Johnson pleaded guilty to two counts of aiding and abetting armed bank robbery and received two concurrent twenty-year sentences. It was stipulated that Johnson would be immune from prosecution from any cases arising from the information gained through his discussions with the United States Attorney on March 21, 1983.
 
 
 4
 Prior to entering his guilty plea, Johnson provided key testimony in a state homicide prosecution in exchange for an agreement that state authorities would intercede on his behalf to ensure that he was incarcerated outside of the state of California. Johnson made no agreement with state or federal prosecutors to receive consideration for his state court testimony in the federal bank robbery case.
 
 
 5
 At the evidentiary hearing on his section 2255 motion, Johnson testified that he first met trial counsel at a meeting between himself, the United States Attorney and federal agents during which time he provided the United States Attorney and the agents with information concerning an unrelated federal investigation. According to Johnson, this meeting occurred on the same day as his plea and sentencing and that he never had an opportunity to speak to trial counsel alone prior to the plea and sentencing hearing.
 
 
 6
 Johnson further testified that he asked trial counsel to file a Federal Rule of Criminal Procedure Rule 35 motion to reduce his sentence immediately after the district court imposed his sentence and that she did not do so. Johnson asserted that trial counsel failed to visit him in jail despite his request that she do so. Johnson stated that on May 18, 1983, he mailed trial counsel a letter requesting that she file a Rule 35 motion. Johnson testified that he addressed the letter to the federal building rather than trial counsel's office because trial counsel failed to give him her business card or address.
 
 
 7
 Trial counsel testified that she could not remember the number of times she met with Johnson but she believed that she met with him in private. Trial counsel stated that Johnson's debriefing with the United States Attorney and federal agents lasted an entire day and perhaps continued to the following day. Trial counsel said that she could not remember whether the debriefing occurred on the same day as the plea and sentencing hearing. Although she could not remember whether she gave Johnson her business card, trial counsel testified that it was her normal practice to provide it to clients. Trial counsel stated that Johnson never asked her to file a Rule 35 motion.
 
 
 8
 Trial counsel further testified that Johnson never informed her that he testified in the state court homicide prosecution. Because the homicide occurred in trial counsel's neighborhood, trial counsel was familiar with the circumstances of the case and the attorneys involved in the case. Thus, if Johnson had told her about his previous testimony in the state homicide case, trial counsel stated she would have contacted the state prosecutor regarding assistance for Johnson in the bank robbery case.
 
 
 9
 The district court found that Johnson never asked trial counsel to file a Rule 35 motion. The district court concluded that trial counsel's performance was reasonable.
 
 Discussion
 
 10
 Johnson contends that he was denied effective assistance of counsel when trial counsel failed to seek a reduction in his sentence pursuant to former Federal Rule of Criminal Procedure 35 based upon Johnson's testimony in a state homicide prosecution. We disagree.
 
 
 11
 To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). A strong presumption exists that counsel's conduct falls within the wide range of reasonable professional competence. Strickland, 466 U.S. at 688.
 
 
 12
 Here, trial counsel testified that Johnson never informed her about his state court testimony or asked her to file a Rule 35 motion after entry of his guilty plea. Johnson's testimony that the debriefing with the United States Attorney and federal agents occurred the same day as his change of plea hearing is contradicted by the stipulation that he would be immune from prosecution for any case arising out of information given on March 21, 1983. Johnson testified in the state court homicide proceeding prior to pleading guilty in the federal case. The evidence supports the district court's finding that Johnson never asked trial counsel to file a Rule 35 motion or provided her with information which would have caused her to investigate filing a Rule 35 motion. See Frazer, 18 F.3d at 781. Accordingly, we conclude that Johnson received effective assistance of counsel. See Strickland, 466 U.S. at 687.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to address whether trial counsel's performance was deficient in other areas because these were not presented to the district court. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)