116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Michael WRONKO, Defendant-Appellant.
 No. 96-15585.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1997.**
June 19, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. Nos. CV-95-00689-ACM, CR-90-00297-ACM; Alfredo C. Marquez, District Judge, Presiding.
 Before: GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Steven Michael Wronko petitions this court for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we review de novo the district court's decision to grant or deny a section 2255 petition. United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996). We affirm.[1]
 
 DISCUSSION
 
 3
 Wronko claims that his due process rights were violated because (1) the government used the allegedly perjured testimony of Koons; (2) his conviction of a firearm charge under a theory of coconspirator liability was supported by insufficient evidence; and (3) the government made an improper closing argument regarding foreseeability.[2] All of these claims fail on the merits.
 
 A. Koons' testimony
 
 4
 "It is an established tenet of the due process clause that 'the deliberate deception of the court by the presentation of false evidence is incompatible with the rudimentary demands of justice.' " United States v. Rewald, 889 F.2d 836, 860 (9th Cir.1989) (quoting United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989)), amended by 902 F.2d 18 (9th Cir.1990). "A conviction obtained by the knowing use of perjured testimony must be set aside if there is any reasonable likelihood that the false testimony could have affected the outcome of the trial." United States v. Polizzi, 801 F.2d 1543, 1549 (9th Cir.1986).
 
 
 5
 Wronko's claim that his trial was tainted by perjured testimony fails for several reasons. First, Wronko has not established that Koons' testimony was false. Wronko claims that Koons lied when he testified that Frazier asked him to bring a gun to the transaction at Blockbuster Video. Koons testified that the reason he took a gun with him was because "before [he and Frazier] drove to [Blockbuster Video], [Frazier] said, I feel better if you have a gun or something, because I feel better when someone has a gun and I am carrying this much money." Wronko assumes that this cannot be true because Koons must have had a gun in his possession before entering Frazier's vehicle.
 
 
 6
 Even if Wronko's assumption were accepted, this does not demonstrate that Koons committed perjury. Koons might have had the gun with him from the moment he exited his car but decided to take the gun to the transaction only after Frazier made that request. This interpretation of Koons' testimony is consistent with Frazier's testimony. Frazier testified that his coconspirators "would always have a gun, when they come in the car [they] would always carry a gun." Read together, Koons' and Frazier's testimony could support the conclusion that Koons had a gun with him before he met Frazier, but that he decided to take the gun to the transaction at Blockbuster Video only upon Frazier's request. This plausible reading of Koons' testimony defeats Wronko's claim that Koons must have committed perjury.[3]
 
 
 7
 Even if Koons lied on the stand, Wronko has not offered any evidence that the government knowingly presented false testimony. See Polizzi, 801 F.2d at 1549 (due process violation exists where prosecution obtains a conviction with knowing use of perjured testimony).
 
 
 8
 Finally, Wronko has not established that there was a reasonable likelihood that Koons' allegedly false testimony affected the outcome of his trial. Both Koons and Frazier testified that members of their conspiracy had been armed during previous transactions. Frazier's professed disapproval of this practice does not change the fact that his coconspirators "would always carry a gun" and Frazier "did not check them for it." Furthermore, Koons specifically testified that Fonseca had been armed during a transaction in April 1990 involving Wronko. This testimony provides an independent basis for concluding that the use of a firearm in this transaction was reasonably foreseeable to Wronko. Consequently, there is no reasonable likelihood that Koons' allegedly false testimony affected the outcome of Wronko's trial.
 
 B. Pinkerton liability
 
 9
 Under the rule of Pinkerton v. United States, 328 U.S. 640 (1946), each conspirator is liable for the criminal act of a coconspirator if (1) the substantive offense was committed in furtherance of the conspiracy, and (2) the offense reasonably could have been foreseen to be a necessary or natural consequence of the unlawful agreement.
 
 
 10
 This court has held that "due process constrains the application of Pinkerton where the relationship between the defendant and the substantive offense is slight." United States v. Castaneda, 9 F.3d 761, 766 (9th Cir.1993). However, Wronko's involvement in this conspiracy was not "slight." Wronko was responsible for sending the marijuana "back east." The fact that Wronko was not physically present during the negotiations between Koons and the undercover agents does not make him a passive participant in the conspiracy. Unlike the defendant in Castaneda, Wronko was connected to, and had actual knowledge of, the drug transactions in which the conspirators engaged. Furthermore, the jury heard testimony that Wronko's coconspirators had carried firearms to at least one prior transaction in which Wronko was involved. Consequently, the application of Pinkerton liability to the facts of this case does not violate due process. Compare Castaneda, 9 F.3d at 767-68 (use of firearm not reasonably foreseeable to defendant where she "assisted" coconspirator only by acting as his spouse and did not participate in any act that was connected to the underlying drug possession offenses).
 
 C. Closing argument
 
 11
 Wronko claims that the prosecutor improperly testified during his closing argument to the jury when he told the jury that "[e]veryone who does drug deals knows that firearms are used and that they are used all the time." Wronko claims that there was no basis in the record to support the prosecutor's assertion.
 
 
 12
 Federal habeas review of prosecutorial misconduct is limited to the narrow issue of whether the conduct violated due process. Thompson v. Borg, 74 F.3d 1571, 1576 (9th Cir.), cert. denied, 117 S.Ct. 227 (1996). Prosecutorial misconduct violates due process when it "ha[§ a] substantial and injurious effect or influence in determining the jury's verdict." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996) (citation omitted).
 
 
 13
 The prosecutor's comments did not have a substantial and injurious effect upon the jury's verdict. The objectionable comment was substantiated by the prosecutor's next statement that "the testimony on [Fonseca] throughout this trial from three or four witnesses [indicated] that he was always armed to protect himself, to protect his load." The jury could have relied upon this testimony to conclude that Wronko should have foreseen that his coconspirators would be armed during their transactions.
 
 CONCLUSION
 
 14
 In sum, none of the actions complained of violated Wronko's due process rights. It follows, a fortiori, that there was no cumulative error. We therefore AFFIRM the district court's denial of Wronko's section 2255 petition.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 There is a substantial question regarding whether this successive petition is procedurally barred. Wronko's first section 2255 motion was deemed to be procedurally barred under United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). See Wronko v. United States, No. 94-16331 (March 27, 1995). Before we denied Wronko's first petition, the vitality of Johnson was called into question by our decision in English v. United States, 42 F.3d 473 (9th Cir.1994). Under English, Wronko's first petition should not have been denied as procedurally barred
 We choose not to decide whether Johnson or English is controlling in this circuit because we conclude that Wronko's constitutional claims fail on the merits.
 
 
 [2]
 Wronko's complaint about the trial court's jury instructions is procedurally barred under either Johnson or English. See United States v. Frady, 456 U.S. 152 (1982)
 
 
 [3]
 Frazier's subsequent statement that he did not make such a request simply indicates that either Koons or Frazier is not telling the truth. It does not prove that Koons committed perjury