122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
PRINCEWILL EZENWA EZEBUIHE, aka: Prince Will Ezebuine;
aka: Princewill E. Ezebuine: aka: Princewill
Ezebuihe, Defendant-Appellant.
 No. 96-55769.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Aug. 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. Nos. CV-95-07237-DT, CR-94-00030-DT; Dickran M. Tevrizian, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Princewill Ezenwa Ezebuihe, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for conspiracy to import heroin, aiding and abetting the importation of heroin, and aiding and abetting the possession of heroin with intent to distribute. Ezebuihe contends that the district court erred by denying his motion without an evidentiary hearing because: (1) attorney was ineffective; (2) the district court gave improper jury instructions; and (3) there was insufficient evidence to convict him of conspiracy. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2255, and we affirm.
 
 
 3
 Ezebuihe contends for the first time on appeal that his attorney was ineffective for failing to request a particular reasonable doubt instruction. He also contends that the jury instructions for conspiracy and aiding and abetting were improper and confusing. Finally, Ezebuihe contends that there was insufficient evidence to convict him of conspiracy, because the objective of the conspiracy was never accomplished, and because his coconspirators testified against him. Because Ezebuihe failed to raise these contentions in his section 2255 motion before the district court, we will not address them on appeal. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). Additionally, the record indicates that Ezebuihe is not entitled to relief on any of the claims that he did raise and did not appeal. Accordingly, the district court did not err by denying his motion without an evidentiary hearing. See Sanchez, 50 F.3d at 1451-52; Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982) (no evidentiary hearing required where allegations, when viewed against the entire record, do not state a claim for relief)
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3