125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Simon Curtis NELSON, Defendant-Appellant.
 No. 96-16647.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.*
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Nos. CV-94-05466-REC and CR-92-05070-02-REC; Robert E. Coyle, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Simon Curtis Nelson, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for conspiracy to commit armed bank robbery and attempted bank robbery.[1] We review a district court's denial de novo, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 Because they are known to the parties, we do not recite the facts or summarize the prior proceedings. In Nelson's § 2255 motion in the district court, Nelson asserted that he was deprived of a fair trial due to confrontation and due process clause violations, that the sentencing guidelines were misapplied resulting in an excessive sentence, and that he was denied the effective assistance of counsel for several specified reasons.
 
 
 4
 In this appeal, Nelson expands upon his original assertion that he was denied effective assistance of counsel. He asserts that his counsel was ineffective because he failed to procure Nelson's presence during all critical stages of the proceedings, failed to object to or clarify certain witness testimony, failed to object to prosecutorial misconduct, and failed to object to the introduction of the body wire tapes. Because there are no exceptional circumstances warranting review of new arguments for the first time on appeal, we decline to review them. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). In any event, we have reviewed the record and conclude that Nelson has not shown that his counsel's representation fell below an objective standard of reasonableness, and that his counsel's deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 688, 691-92 (1984).
 
 
 5
 We have reviewed Nelson's arguments alleging ineffectiveness of counsel, prosecutorial misconduct, confrontation and due process violations, and excessive sentence. Nelson's arguments are unpersuasive and without merit. Accordingly, the district court did not err in denying Nelson's § 2255 motion. See Sanchez, 50 F.3d at 1451-52, 1455-56.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Nelson filed his motion before April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 does not apply. See Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir.1997) (en banc), petition for cert. filed, 66 U.S.L.W. 3157 (U.S. Aug 11, 1997) (No. 97-289)