141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dennis CHAN LAI, Defendant-Appellant.
 No. 96-17316.
D.C. Nos. CV-95-04013-SC, CR-87-00359-SC.
 United States Court of Appeals, Ninth Circuit.
 Decided March 10, 1998.
Submitted March 10, 1998**.
 
 Appeal from the United States District Court for the Northern District of California, Samuel Conti, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dennis Chan Lai, a federal prisoner, appeals pro se the district court's denial of his second 28 U.S.C. § 2255 motion challenging his conviction for narcotics violations, conspiracy, and racketeering. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Lai contends that his conviction violated the Double Jeopardy Clause based on several prior forfeitures of money and personal property. Although Lai previously raised this issue in his first section 2255 motion, he renewed the issue based on this court's intervening decision in United States v. $405,089.23 in U.S. Currency, 33 F.3d 1210 (9th Cir.1994). However, as this court noted upon appeal of the denial of Lai's first section 2255 motion, Lai's double jeopardy claim is foreclosed by United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 2147, 135 L.Ed.2d 549 (1996) (reversing $405,089.23 and holding that civil forfeiture does not constitute punishment for double jeopardy purposes). See United States v. Lai, No. 95-10457, unpublished memorandum disposition (9th Cir. Aug. 16, 1996). Accordingly, to the extent he contends his counsel was ineffective for failing to raise this issue, he cannot show prejudice, See Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1]
 
 
 4
 Nor is there merit to Lai's contention that jeopardy attached to his prior criminal proceedings in state court. Besides the fact that the state charges were dismissed, the dual sovereignty doctrine precludes his claim and the sham exception does not apply. See Bartkus v. Illinois, 359 U.S. 121, 123-24, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lai also raises numerous due process challenges to the forfeiture proceedings themselves. However, these challenges are not cognizable in a section 2255 motion. See 28 U.S.C. § 2255 (1994); see also Sanders v. United States, 373 U.S. 1, 12, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962) purpose of section 2255 motion is to provide a forum in which federal prisoners can challenge erroneous sentences)
 
 
 [2]
 On appeal, Lai adds the following claims; (1) that the failure to grant him a parole term violates the ex post facto and double jeopardy clauses; (2) that the special assessment violates double jeopardy; and (3) that his equal protection rights were violated by the unequal application of double jeopardy precedent. Because Lai did not present these issues to the district court, we decline to address them here. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)
 
 
 [3]
 Lai's motions "for an enlargement of time" and "to place the instant case on stay," are denied