**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge ROCA–SUAREZ, Defendant–**
**Appellant.**

No. 00–56357.
D.C. Nos. CR–90–00877–SVW,
CV–97–02314–SVW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Jan. 31, 2002.

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Appellant, Jorge Roca–Suarez ("Roca–Suarez") moved to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The district court denied his motion, and granted him a certificate of appealability on three of his claims. On appeal, Roca–Suarez argues that the district court erred in denying relief for his *Kastigar, Ratzlaf* and jurisdiction claims. These issues were not raised on direct appeal. Nevertheless, Roca–Suarez contends that he is entitled to relief because his counsel was ineffective for failing to raise these challenges, thereby establishing cause and prejudice.[1] *United States v. Johnson,* 988 F.2d 941, 945 (9th Cir.1993).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Roca–Suarez also raised an *Apprendi* challenge. However, this issue has been withdrawn. *See* Notice of Withdrawal of *Apprendi* Issue, filed July 5, 2001.

## DISCUSSION

### I. Kastigar Claim

When a defendant accuses the government of using immunized testimony in a criminal proceeding, the burden is on the government to establish that it had an "independent, legitimate source for the disputed evidence." *Kastigar v. United States*, 406 U.S. 441, 460, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972) (citation omitted).

■ Roca–Suarez alleges that immunized testimony was used against him in a variety of instances. He argues that the testimony was used: 1) to obtain the First Superseding Indictment; 2) to oppose the motion for bail; 3) to delete witnesses from the prosecution's case; and 4) to convict at trial.[2]

Even assuming that *Kastigar* violations occurred and that counsel was deficient for failing to properly object to the use of the immunized testimony, the question becomes whether Roca–Suarez was prejudiced by his counsel's failure. *Strickland v. Washington*, 466 U.S. 668, 684–87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### A) First Superseding Indictment

■ Filing of the First Superseding Indictment did not prejudice Roca–Suarez, since the government had previously obtained indictments on virtually the same counts.

### B) Motion for Bail

■ Roca–Suarez was not prejudiced by the government's use of the immunized statements in the motion for bail. Given the existence of: (1) prior, independently obtained evidence; (2) the fact that Roca–Suarez faced a lengthy sentence; (3) the nature of the crimes; (4) Roca–Suarez's alien status; and (5) Roca–Suarez's apparent ties to other countries, the court had ample reason to deny bail regardless of the immunized testimony.

### C) Deletion of Witnesses from the Prosecution's Case

■ There was no prejudice to Roca–Suarez when the government elected not to call witnesses that it might have previously called. Apparently, Roca–Suarez's argument is that he could have impeached these uncalled witnesses and weakened the case against him. However, the fact remains that Roca–Suarez was convicted of the crimes charged, based upon the testimony actually presented at trial.

### D) Trial

■ Relying on the overwhelming evidence against Roca–Suarez, the district court found that Roca–Suarez was not prejudiced. The district court reasoned that:

The government had investigated [Roca–Suarez's] narcotics organization since the mid–1980's. It seized large amounts of cash being transported out of the country by Defendant's employees. The government had interviewed numerous witnesses about their involvement in the organization. In 1990, months before Defendant's proffer session, the government had amassed enough evidence to indict Defendant for conspiracy to distribute cocaine. The government's investigation continued for another year before Defendant agreed to cooperate. Thus, by the time of Defendant's proffer session, the government had already obtained overwhelming evidence of his guilt. Even without

---

**2.** On appeal, the government offered additional, more specific, and convincing evidence to refute the *Kastigar* claims. However, much of the evidence was not presented in the district court proceedings, and thus is not properly a part of the record. Our decision relies solely on the evidence presented to the district court.

using Defendant's immunized statements, the prosecution possessed ample evidence to convict.

The district court found that the result of the proceeding would not have changed. No basis exists to question the court's finding.

## II. *Ratzlaf* Claims

■ In *Ratzlaf*, the Supreme Court interpreted 31 U.S.C. § 5322 to require a jury instruction stating that the defendant must have known his activity was unlawful. *Ratzlaf v. United States*, 510 U.S. 135, 149, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994).

The instructions given in this case were that the government had to prove beyond a reasonable doubt that (1) "the defendant knowingly transported more than $10,000 in currency from a place in the United States to a place in the United States to a place outside the United States," (2) "the defendant knew that a report of the amount transported was required to be filed with the Secretary of the Treasury," and (3) "the defendant willfully failed to file such report." The instruction met the *Ratzlaf* requirements.

## III. Jurisdiction Claim

We have previously ruled that 21 U.S.C. § 841(a)(1) has extraterritorial effect. *United States v. Larsen*, 952 F.2d 1099, 1101 (9th Cir.1991). Specifically, we have held that Congressional intent of extraterritorial application "can be implied because illegal drug trafficking, which the statute is designed to prevent, regularly involves importation of drugs from international sources." *Id.*

*CONCLUSION*

None of Roca–Suarez's arguments casts doubt upon his conviction. Accordingly, the judgment of the district court is AFFIRMED.