**James WROE, Petitioner,**

v.

**Glenn A. MUELLER, Respondent.**

**No. 01–16262.**

**D.C. No. CV–99–01114–DFL–DAD.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.*

Decided May 28, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

California state prisoner James Wroe ("Wroe") appeals pro se the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his 1995 conviction for attempted manslaughter. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition, *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir.2001), and affirm.

We can reverse a state court decision only if it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.2000).

Wroe contends that he received ineffective assistance of trial counsel because counsel failed to investigate the credibility of prosecution witnesses Janice Wermig ("Wermig") and Dr. Allen Doran ("Doran"). This contention lacks merit. The record indicates that trial counsel used discovery to obtain psychiatric records concerning these two witnesses, obtained an order requiring Doran to answer questions, extensively cross-examined both Wermig and Doran, and successfully impeached Doran. Wroe has failed to show either that trial counsel's conduct fell below the objective standard or that he was prejudiced by any error. *See Murtishaw*, 255 F.3d at 939–40, *citing Strickland v.*

** This disposition is not appropriate for publication and may not be cited to or by the

*Washington*, 466 U.S. 668, 687–694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, the district court properly determined that the decision of the state court was neither contrary to, nor involved an unreasonable application of clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1); *Van Tran*, 212 F.3d at 1149.

Next, Wroe contends that his trial counsel was ineffective because counsel did not transcribe a police videotape that could have been used to impeach Wermig and Doran. This contention is unpersuasive. The record shows that trial counsel made the strategic decision to impeach these witnesses through the testimony of the investigating police officer rather than the introduction of the videotape, and that the attempt to impeach was successful. Thus, Wroe has not shown that counsel's conduct fell below an objective standard of reasonableness or resulted in any prejudice to him. *See Murtishaw*, 255 F.3d at 939–40. Accordingly, the state court reasonably applied federal law in determining trial counsel was not ineffective when he did not introduce the police videotape. *See* 28 U.S.C. § 2254(d)(1); *Van Tran*, 212 F.3d at 1149.

Wroe also contends that trial counsel was ineffective for failing to introduce a footstool into evidence, which Wroe claims was vital to his self-defense theory. This contention lacks merit. The record shows that trial counsel introduced into evidence a picture of the footstool rather than the actual stool. Even assuming that this constituted deficient performance (which we do not decide), Wroe cannot show there is a reasonable probability that introducing the actual footstool would have produced a different result, and thus cannot show prejudice. *See Murtishaw*, 255 F.3d at 940. Accordingly, the district court properly affirmed the decision of the state

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court. *See* 28 U.S.C. § 2254(d)(1); *Van Tran,* 212 F.3d at 1149.

Wroe contends that even if none of the individually alleged errors rise to the level of ineffective assistance of counsel, his trial counsel's errors resulted in cumulative prejudice.[1] This contention has no merit. Because trial counsel's conduct was not deficient, Wroe cannot establish cumulative prejudice. *See Silva v. Woodford,* 279 F.3d 825, 834 (9th Cir.2002).

Wroe's next contention is that his appellate counsel was ineffective because counsel failed to challenge the jury's verdict by pursuing a direct appeal or habeas claim despite the fact that counsel learned of Wermig and Doran's professional relationship, and knew about the footstool and photographs of Wroe's bloody hand, all of which relate to his theory of self-defense. This contention lacks merit. The record indicates that these witnesses were thoroughly and competently examined at trial, and that trial counsel fully explored Wroe's self-defense claim. It further shows that on appeal, counsel focused on his two strongest arguments for reversal: (1) evidence of prior bad acts that was admitted over objection, and (2) comments made by the prosecutor during closing argument. Accordingly, Wroe has failed to show that appellate counsel's performance was ineffective. *See Miller v. Keeney,* 882 F.2d 1428, 1433–34 (9th Cir.1989) (applying *Strickland* and stating that in order to prove ineffective assistance of appellate counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for appellate counsel's errors, he would have prevailed on appeal); *Jones v. Barnes,* 463 U.S. 745, 751–754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (noting the importance of appellate counsel selecting the most promising issues for review and warning that raising every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy). Therefore, the state court's decision was not an unreasonable application of clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1); *Van Tran,* 212 F.3d at 1149.

■ Wroe contends that he is entitled to a new trial on the basis of newly discovered evidence. This contention is unpersuasive because the record shows that this evidence would have been useful only for the purpose of impeaching Wermig and Doran. Trial counsel thoroughly cross-examined these witnesses and successfully impeached Doran forcing the prosecutor to concede during closing argument that aspects of his testimony were flawed. Therefore, this new evidence is insufficient to create a reasonable probability in acquittal. *See Kyles v. Whitley,* 514 U.S. 419, 434–435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (stating that to qualify for relief, petitioner must show that the newly discovered evidence has a reasonable probability of resulting in acquittal). Accordingly, the district court properly affirmed the decision of the state court. *See* 28 U.S.C. § 2254(d)(1); *Van Tran,* 212 F.3d at 1149.

Finally, Wroe contends that the prosecutor engaged in misconduct by withholding evidence and suborning perjury. Specifically, Wroe alleges the prosecutor: (1) knowingly allowed Doran to perjure himself regarding the prescription of drugs to Wermig; (2) suborned perjury because Doran denied the existence of a bottle of narcotics which Wroe claims the prosecutor "would have known about;" (3) knew or should have known that Doran and Wer-

---

1. Wroe also contends that there was ineffective assistance of counsel for making prejudicial statements during closing argument. Because he failed to raise this claim at the district court level, it cannot be raised here. *See United States v. Johnson,* 988 F.2d 941, 945 (9th Cir.1993).

mig had a professional relationship; and (4) knew or should have known that Doran committed perjury when he denied using a weapon on the night of the incident because there was evidence of defensive wounds on Wroe. These allegations of prosecutorial misconduct lack merit. The evidence detailed by Wroe would have been useful solely to impeach Doran's testimony. Because the record indicates that Doran was successfully impeached, Wroe cannot show there is a reasonable likelihood that the false testimony could have affected the judgment of the jury. *See Murtishaw,* 255 F.3d at 959. Therefore, the district court properly determined that the state court's decision was not contrary to, nor involved an unreasonable application of clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1); *Van Tran,* 212 F.3d at 1149.

**AFFIRMED.**