**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LLOYD GEORGE SINCLAIR, a.k.a. Paul Grant, a.k.a. Humphrey,<br><br>               Plaintiff - Appellant,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant - Appellee. | No. 11-16365<br><br>D.C. Nos.   2:09-cv-02034-JAT<br>            2:01-cr-00486-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Federal prisoner Lloyd George Sinclair appeals pro se from the district court's orders denying his motion under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sinclair contends that he received ineffective assistance of counsel because his counsel failed to object, move for a mistrial, or appeal, on Confrontation Clause grounds to the admission of out-of-court statements by a co-conspirator. The district court did not clearly err in determining that Sinclair's counsel had raised the issue. Sinclair has not shown that his attorneys' performance was deficient or that, but for counsel's alleged errors, the result of his proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) (admission of a co-conspirator's statements does not violate the Confrontation Clause).

Sinclair also contends that he received ineffective assistance of counsel because his counsel either failed to advise him or misadvised him of his right to testify at trial. Sinclair has not shown that it is reasonably probable that there would have been a more favorable result in the absence of counsel's alleged failings. *See Strickland*, 466 U.S. at 687. Moreover, Sinclair's conclusory statements do not entitle him to an evidentiary hearing. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

**AFFIRMED.**