**John Frederick FLYNN III, Petitioner–Appellant,**

v.

**John LAMBERT, Respondent–Appellee.**

**No. 00–35282.**

**D.C. No. 99–05225–FDB.**

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

John Frederick Flynn III appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review de novo a district court's dismissal of a habeas petition, and we affirm.

Flynn contends that he was entitled to equitable tolling of the statute of limitations. Equitable tolling is only appropriate where "extraordinary circumstances" resulting from external forces beyond the control of the petitioner make it impossible for the petitioner to file a timely petition. *Calderon v. United States District Court (Kelly),* 163 F.3d 530, 541 (9th Cir.1998) (en banc), *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Flynn asserts that legal "reference" materials were taken from him on July 28 1998 and October 28, 1998.[1] The materials consisted of the Rules of court, the 1998 & 1999 Federal Digest Habeas Corpus and "other law books, etc" and Flynn argues that the loss of these books required him to begin all over. Assuming without deciding, that the alleged confiscation of Flynn's legal materials complicated his efforts to file his federal habeas petition, it did not make it impossible for him to file his petition in a timely manner. Prior to the alleged confiscation of his materials, Flynn had well over one year in which to file his petition. *See Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178–79 (9th Cir.2000) (refusing to toll statute of limitations, when the plaintiff had sufficient opportunity to file claim within limitation period). Flynn also failed to show that he was denied access to the prison law library. Accordingly, though confiscation of his legal materials may have complicated Flynn's efforts to file his petition, it did not create an impossible impediment. *Calderon,* 163 F.3d at 541.[2]

AFFIRMED.

---

1. On appeal Flynn raises a number of arguments that he failed to present to the district court. We do not consider these arguments on appeal. *See United States v. Johnson,* 988 F.2d 941, 945 (9th Cir.1993).

2. The certificate of appealability ("COA") in this case concerns only the issue of Flynn's entitlement to equitable tolling. Although Flynn raises a number of other contentions, because they do not specifically relate to the issue of equitable tolling, we will not review them. *Hiivala v. Wood,* 195 F.3d 1098, 1102–03 (9th Cir.1999) (concluding that the Antiterrorism and Effective Death Penalty Act of 1996, amended at 28 U.S.C. § 2253 ("AEDPA"), limits the scope of review in a habeas appeal to issues specified in the COA). Flynn's motion to broaden the Certificate of Appealability is denied.

