# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3632
_____

United States of America,      *
                               *
        Appellee,              *
                               * Appeal from the United States
    v.                         * United States District Court
                               * District of Nebraska
Everett Sileven,               *
                               *      [TO BE PUBLISHED]
        Appellant.             *

_____

Submitted: April 18, 1997

Filed: April 29, 1997
_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
_____

PER CURIAM.

    Everett Sileven appeals from a final judgment entered in the United
States District Court[1] for the District of Nebraska dismissing his Amended
Motion, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or
correct his sentence. United States v. Sileven, No. 8:CR89-126 (D. Neb.
Sept. 4, 1996) (memorandum and order); id. (Sept. 4, 1996) (judgment).

_____

    [1]The Honorable William G. Cambridge, Chief Judge, United
States District Court for the District of Nebraska.

Sileven was convicted in 1992 for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and three counts of mail fraud, in violation of 18 U.S.C. § 1341. He was sentenced on June 8, 1992, to fifteen months in prison and three years supervised release. He did not file a direct appeal. Acting <u>pro se</u>, he filed his original § 2255 motion on August 30, 1993, asserting claims that he lacked predisposition and that he was entrapped. With leave of the district court, Sileven twice amended his § 2255 motion, most recently with the assistance of retained counsel. Upon review of that latest amended § 2255 motion, the district court dismissed it and entered judgment for the government. Sileven filed the present appeal.

For reversal, Sileven argues that the district court erred in (1) holding that he failed to show cause for his failure to raise on direct appeal the predisposition and entrapment claims presently being asserted and (2) dismissing his claims without ordering the government to respond or conducting a hearing. He maintains that he did sufficiently demonstrate cause to excuse the procedural default by indicating in his amended motion that the government violated his rights under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). He suggests that he did not truly become aware of his claims until April 23, 1996, when the Justice Department responded to a request he made pursuant to the Freedom of Information Act, shortly after being indicted in October 1989.

Upon careful review of the issues in this case, the record on appeal, and the parties' arguments in their briefs, we hold that the district court did not err in holding as a matter of law that Sileven had not adequately shown cause for his failure to raise on direct appeal these claims related to predisposition and entrapment. Moreover, Sileven has failed to show prejudice to overcome the procedural default. The alleged exculpatory <u>Brady</u>

materials would not have been relevant to Sileven's criminal prosecution and therefore would not have been admissible in the criminal case, or otherwise have affected its outcome.

Accordingly, we affirm the judgment of the district court. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.