UNITED STATES of America,
Plaintiff–Appellee,

v.

Eduardo MEJIA–MESA, Defendant–
Appellant.

No. 95–35429.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 1997.*

Decided Aug. 6, 1998.

As Amended Sept. 4, 1998.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and 9th Cir. R. 34–4.

Eduardo Mejia–Mesa, Pro Per, Fort Dix, New Jersey, for the defendant-appellant.

William H. Redkey, Assistant United States Attorney, Seattle, Washington, for plaintiff-appellee.

Before: FLETCHER and O'SCANNLAIN, Circuit Judges, and SCHWARZER,** Senior District Judge.

SCHWARZER, Senior District Judge:

## FACTS AND PROCEDURAL HISTORY

Eduardo Mejia–Mesa has moved under 28 U.S.C. § 2255 to have his convictions vacat-

ed. He was charged with and convicted of conspiring to import cocaine into the United States in violation of 21 U.S.C. §§ 963, 952(a), and 960(b)(1)(B) (count I); importing and aiding and abetting importation of cocaine into the United States in violation of 21 U.S.C. §§ 952, 960(a)(1) and 960(b)(1)(B) (count II); and possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 955a(c), 960(a)(1) and 960(b)(1)(B) (count III). He was sentenced to consecutive ten year terms of imprisonment on counts I and II and to ten years on count III to be served concurrently to the sentences on counts I and II. In addition, a fine of $250,000 was imposed on each count. The conviction was affirmed on appeal.

Six years later, Mejia–Mesa filed the instant motion pro se. The district court denied an evidentiary hearing and dismissed the petition. Mejia–Mesa timely appealed. The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 2255 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## DISCUSSION

### I. *Brady Claim*

Mejia–Mesa's principal contention is that the government suppressed exculpatory evidence at trial in violation of its obligation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the Jencks Act, 18 U.S.C. § 3500. The evidence is alleged to consist of a page or pages from the deck log of the M/V Eagle–I–the vessel carrying the cocaine that was seized by U.S. customs officials-giving the vessel's position and other relevant navigation data for January 18, 1986, the date on which counts II and III of the indictment allege the violations occurred. Count II charged violation of 21 U.S.C. § 952 which prohibits importation of drugs "into the customs territory of the United States."[1] Count III charged violation of

---

** Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. The statute reads in relevant part:

> (a) It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place thereof, any controlled substance ... or any narcotic drug....

21 U.S.C. § 952(a) (West Supp.1997).

21 U.S.C. § 955a(c) which prohibits possession of drugs "on board any vessel within the custom waters of the United States." [2] Mejia–Mesa claims that the missing pages would show the M/V Eagle–I was outside of United States customs waters on January 18, the date of the offenses. Location of the vessel in United States waters is an element of the offenses charged in counts II and III, *see United States v. Velgar–Vivero*, 8 F.3d 236, 241 (5th Cir.1993); it is not material to the conspiracy charge.[3] If Mejia–Mesa can sustain his contention, his *Brady* claim may be meritorious. *See United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985) (holding that evidence falls within the *Brady* rule if "it may make the difference between conviction and acquittal").

Mejia–Mesa requested *Brady* materials during pretrial discovery but did not raise the *Brady* issue at trial or on direct appeal. As a result, the district court found procedural default under *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), and held the claim barred for lack of any showing of cause and prejudice. The court, therefore, did not reach the merits of Mejia–Mesa's claim.

### A. Procedural Default: Cause

To obtain collateral relief under § 2255 based on trial errors to which no contemporaneous objection was made, Mejia–Mesa must show both (1) "cause" excusing his procedural default, and (2) "actual prejudice" resulting from the error of which he complains. *See Frady*, 456 U.S. at 167, 102 S.Ct. at 1594 (holding erroneous jury instruction claim first raised in collateral attack subject to cause and prejudice requirement); *see*

2. The statute at the relevant time read in relevant part:

   (c) It is unlawful for any person on board any vessel within the customs waters of the United States to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance.
   21 U.S.C. § 955a(c) (West 1981).

3. Because the sentences on counts I and II are consecutive, and a fine was imposed on each count, Mejia–Mesa is adversely affected by the convictions based on §§ 952 and 955a(c).

*also Davis v. United States*, 411 U.S. 233, 243–44, 93 S.Ct. 1577, 1583, 36 L.Ed.2d 216 (1973) (bias in selection of grand jury claim); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993) (insufficient evidence to support conviction) *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir.1985) (error in jury instruction).[4]

■ The district court held that Mejia–Mesa failed to show cause for not raising this claim at trial or on appeal: "Despite defendant/petitioner's assertions in his original petition that the basis for his § 2255 motion was recently discovered evidence, none of the claims described above are ones that could not have been raised earlier." In *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court explained that

> the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule.... [A] showing that the factual or legal basis for a claim was not reasonably available to counsel ... would constitute cause under this standard.

*Id.* at 488, 477 U.S. 478. Because the court held no hearing, there is no record disclosing the circumstances of Mejia–Mesa's discovery of the alleged *Brady* violation. All the record shows is that Mejia–Mesa requested disclosure of *Brady* materials and that the government acknowledged its obligation under *Brady* but produced nothing. If the government in fact did not comply with its obligation and Mejia–Mesa did not discover the fact until after the conclusion of the appeal, he had cause for his default. In the absence

4. Other circuits are in accord. *See, e.g., United States v. Sileven*, 112 F.3d 940, 941 (8th Cir. 1997) (applying cause and prejudice analysis to *Brady* claim); *Velarde v. United States*, 972 F.2d 826, 827 (7th Cir.1992) (applying cause and prejudice analysis to various constitutional claims); *Campino v. United States*, 968 F.2d 187, 190 (2d Cir.1992) ("It is generally accepted that a procedural default of even a constitutional issue will bar review under § 2255, unless the defendant can meet the 'cause and prejudice' test."); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) ("A defendant must meet this cause and actual prejudice test even when he alleges a fundamental constitutional error.").

of factual findings, it is impossible to determine whether Mejia–Mesa had cause.

### B. Procedural Default: Prejudice

■ To state a claim for relief under § 2255, Mejia–Mesa must further show that his allegations, if proven true, would establish actual prejudice. *See Frady,* 456 U.S. at 167, 102 S.Ct. at 1594 (ignoring cause and affirming dismissal for lack of actual prejudice). Proof of a *Brady* violation requires showing that the evidence the government failed to disclose was material. *See United States v. Tham,* 884 F.2d 1262, 1266 (9th Cir.1989) (citing *Bagley,* 473 U.S. at 674, 105 S.Ct. at 3379); *see also United States v. Hernandez,* 94 F.3d 606, 610 (10th Cir.1996) ("There appears to be little or no difference in the operation of the 'materiality' (*Brady*) and 'prejudice'(*Frady*) tests.").

There can be little doubt that Mejia–Mesa's allegations, if true, would establish prejudice. He contends that the government withheld, suppressed or destroyed a page or pages from the deck log of the M/V Eagle–I, the vessel carrying the cocaine that was seized by U.S. customs officials, that would have shown the vessel to have been outside United States waters at the time it was seized.[5] If Mejia–Mesa's allegations are true, the missing page or pages would be exculpatory evidence.

### C. Evidentiary Hearing on Brady Claim

■ The district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief. *See United States v. Andrade–Larrios,* 39 F.3d 986, 991 (1994). Section 2255, however, requires that "an evidentiary hearing 'shall' be granted '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Baumann v. United States,* 692 F.2d 565, 570 (9th Cir.1982) (quoting 28 U.S.C. § 2255). "[T]he petitioner need not detail his evidence, but must only make specific

factual allegations which, if true, would entitle him to relief." *Id.* at 571 (citing *United States v. Hearst,* 638 F.2d 1190, 1194–95 (9th Cir.1980)). Here, if Mejia–Mesa's allegations are proven true, an essential element of the offenses charged in two of the three crimes of conviction may be lacking. An evidentiary hearing on Mejia–Mesa's *Brady* claim is thus required.

## II. Juror Exclusion

■ Mejia–Mesa next claims that the systematic exclusion of Black and Hispanic persons from the jury pool deprived him of an impartial jury and fair trial. Not having raised this claim at trial or on direct appeal, he is procedurally barred from raising it now unless he can show cause and actual prejudice. *See Frady,* 456 U.S. at 167, 102 S.Ct. at 1594; *Johnson,* 988 F.2d at 945; *Dunham,* 767 F.2d at 1397.

Mejia–Mesa has made no showing of cause or actual prejudice. A claim of new evidence cannot excuse his failure to object to the juror pool at voir dire or even on appeal. Furthermore, he has shown no prejudice resulting from the exclusion of certain jurors. Mejia–Mesa's claim amounts to nothing but a "mere conclusory statement" demonstrating neither cause nor actual prejudice. *See Johnson,* 988 F.2d at 945. The district court did not err in dismissing this claim.

## III. Excessive Fines

Mejia–Mesa next argues that the $750,000 fine imposed upon him in addition to his thirty year prison sentence constituted cruel and unusual punishment in violation of the Eighth Amendment, or, in the alternative, violated the Double Jeopardy Clause of the Fifth Amendment.

Mejia–Mesa argues that the fine is cruel and unusual punishment because the sentencing court improperly failed to inquire into his ability to pay as required by *United States v. Walker,* 900 F.2d 1201 (8th Cir.

---

**5.** The phrase "customs territory of the United States" in section 952(a) comprises territory extending twelve geographical miles outward from the coastline. *See United States v. Goggin,* 853 F.2d 843, 845 (11th Cir.1988). The phrase "customs waters of the United States" as used in

section 955a(c) is defined in 19 U.S.C. § 1401(j) as the waters within four leagues of the coast of the United States unless a treaty applicable to the vessel provides otherwise. The record does not disclose whether the M/V Eagle–I was covered by a treaty.

1990). The district court properly rejected appellant's reliance on *Walker* because that case prescribes considerations relevant to imposing a fine under the U.S. Sentencing Guidelines which became effective in 1987 after Mejia–Mesa was sentenced in September of 1986.

The court did not err in finding that Mejia–Mesa's fine was otherwise not cruel and unusual punishment. A punishment within legislatively mandated guidelines is presumptively valid. *See Rummel v. Estelle,* 445 U.S. 263, 272, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." *United States v. McDougherty,* 920 F.2d 569, 576 (9th Cir.1990). Here, appellant was convicted under 21 U.S.C. § 960(b)(1). The 1986 Amendment to the statute sets the maximum fine at $250,000 for each violation. Thus, the fine did not violate Mejia–Mesa's Eighth Amendment rights.

Mejia–Mesa next asserts that the fine subjects him to double jeopardy because it is a separate punishment in addition to the prison sentence for the same offense in a single proceeding. The Double Jeopardy Clause provides that no person shall be "subject for the same offence to be twice put in jeopardy of life and limb." U.S. Const. amend. V. It principally protects against courts and prosecutors imposing a legislatively defined penalty more than once. *See Belgarde v. State of Montana,* 123 F.3d 1210, 1215 (9th Cir.1997); *United States v. Scarano,* 76 F.3d 1471, 1474 (9th Cir.1996). It does not, however, prohibit legislative determinations of appropriate punishment for crimes. *See Belgarde,* 123 F.3d at 1215; *Gentry v. MacDougall,* 685 F.2d 322, 323 (9th Cir.1982). Here, the fine and prison sentence were defined by Congress as a single punishment. They did not result in multiple punishment or double jeopardy.

### IV. Conspiracy

Appellant contends his conviction for conspiracy to import cocaine is invalid because the indictments against his alleged co-conspirators were subsequently dismissed in 1993. He claims that because he cannot

legally be found a "sole conspirator", he has been denied due process by having to serve a sentence under an invalid conviction.

The district court's decision to deny a federal prisoner's § 2255 motion to vacate or reduce sentence is reviewed *de novo. See United States v. Span,* 75 F.3d 1383, 1386 (9th Cir.1996). Mejia–Mesa claims that, by definition, he cannot be convicted as a "sole conspirator", relying on *Lubin v. United States,* 313 F.2d 419, 423 (9th Cir.1963), which holds that the acquittal of alleged co-conspirators requires acquittal of a remaining defendant. This circuit, however, has since concluded the contrary. *See United States v. Valles–Valencia,* 823 F.2d 381, 381–82 (9th Cir.1987) (expressly overruling *Lubin* in light of intervening Supreme Court authority in *United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1987)). A person can be convicted of conspiracy even though the charges against all the other alleged conspirators have been dismissed. *See id.; Feldstein v. United States,* 429 F.2d 1092, 1095 (9th Cir.1970); *Ng Pui Yu v. United States,* 352 F.2d 626, 633 (9th Cir.1965). "All that the prosecution need prove is that the offense has been committed." *Feldstein,* 429 F.2d at 1095. The district court did not err.

### V. Ineffective Assistance of Counsel

Mejia–Mesa finally claims that his sentence should be vacated because he was denied effective assistance of counsel in violation of the Sixth Amendment. He lists several deficiencies in his counsel's performance at trial: (1) his counsel admitted to having slept while instructions were read to the jury; (2) counsel failed to object to sleeping jurors; (3) counsel had a conflict of interest with appellant; (4) counsel failed to object to certain statements made by the government during trial; and (5) counsel failed to subpoena and examine U.S. Coast Guard Lieutenant Ashley.

Our review is *de novo. See Span,* 75 F.3d at 1387. The test for a claim of ineffective assistance of counsel at trial has two prongs: (1) the counsel's performance must fall below an objective standard of reasonableness and (2) a reasonable probability ex-

ists that, but for counsel's error, the result would have been different. *See Strickland v. Washington,* 466 U.S. 668, 690–92, 104 S.Ct. 2052, 2066–67, 80 L.Ed.2d 674 (1984).

■ First, we dismiss appellant's claims which were not initially presented to the district court. Mejia–Mesa's claims that counsel slept while jury instructions were read, that counsel failed to object to sleeping jurors, and that counsel had a conflict of interest with appellant were not raised in the petition below and he shows no extraordinary circumstances for failing to do so. As a result, the claims are not properly before this court and are dismissed. *See United States v. Rubalcaba,* 811 F.2d 491, 493 (9th Cir. 1986).

■ The remaining claims pertain to counsel's litigation strategy during trial. In arguing that his attorney's performance fell below an objective standard of reasonableness, Mejia–Mesa claims that counsel failed (1) to object to certain statements made by the government during the trial and (2) to subpoena and examine Lt. Ashley as a witness. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ All the alleged deficiencies listed by Mejia–Mesa appear to be decisions within the reasonable discretion of counsel in coordinating his overall litigation strategy. While Mejia–Mesa may argue that it may have been better to make a certain objection, a few missed objections alone, unless on a crucial point, do not rebut the strong presumption that counsel's actions (or failures to act) were pursuant to his litigation strategy and within the wide range of reasonable performance. *See id.* Mejia–Mesa does not present evidence of a consistent failure to object or any other indication of unreasonable performance. In fact, review of the trial transcript suggests that Mejia–Mesa's counsel made several appropriate objections during the course of the trial.

■ Furthermore, Mejia–Mesa fails to explain how he may have been prejudiced by these alleged mistakes. His most specific explanation relates to Lt. Ashley's testimony. Mejia–Mesa claims that Ashley could have testified that Mejia–Mesa was not on board the ship when it was seized and searched. This point was not an issue at trial. The government's theory was not based on Mejia–Mesa's presence on board the M/V Eagle I when it was seized. To the contrary, the government contended that Mejia–Mesa contacted the M/V Eagle I via radio transmitter from land but was guilty under Count III on the basis of constructive possession or aiding and abetting the crime. Thus, there is no prejudice to support Mejia–Mesa's claim of ineffective assistance of counsel.

## VI. *Evidentiary Hearing*

"The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows,* 872 F.2d 915, 917 (9th Cir.1989). Except for the *Brady* claim, the district court did not abuse its discretion in denying an evidentiary hearing on Mejia–Mesa's claims. These claims failed to state a claim for relief under § 2255 as a matter of law.

## CONCLUSION

The judgment is REVERSED and REMANDED with respect to Mejia–Mesa's *Brady* claim. The judgment is AFFIRMED as to the remaining claims.