**Preston Joel MAYS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–15093.

D.C. Nos. CV–99–01038–GEB, CR–95–00143–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Federal prisoner Preston Joel Mays appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate his concurrent 288–month sentences for conspiracy to distribute and to possess with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We affirm.

All Mays' claims under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) are foreclosed because *Apprendi* "does not apply retroactively to cases on initial collateral review." *United States v. Sanchez–Cervantes*, 282 F.3d 664, 671 (9th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 48, —— L.Ed.2d —— (2002).

Mays contends that the district court erred by not sua sponte issuing a special verdict form requiring the jury to make a specific finding that the object of the conspiracy was either marijuana or methamphetamine, or both. Because Mays failed to raise this claim on direct appeal, it is now procedurally defaulted. *See United States v. Mejia–Mesa*, 153 F.3d 925, 928 (9th Cir.1998) (holding that an issue not raised at trial or on direct appeal is subject to procedural default absent a showing of cause and "actual prejudice").

Mays also contends that he received ineffective assistance of counsel because trial counsel failed to request a special verdict form and appellate counsel did not raise the issue on direct appeal. We conclude that, even if Mays' 288–month sentence on the conspiracy count is improper, *see United States v. Garcia*, 37 F.3d 1359, 1371

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(9th Cir.1994), he did not receive constitutionally deficient assistance of trial or appellate counsel because his conviction and concurrent 288–month sentence on the substantive count of possession with intent to distribute methamphetamine is valid. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that to prevail on an ineffective assistance of counsel claim defendant must establish prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.")

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.