**Virgil L. CARPENTER Petitioner—Appellant,**

v.

**Dan JOHNSON, Superintendent, Snake River Correctional Institution Respondent—Appellee.**

No. 01–36050.
D.C. No. CV–98–00664–MFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided May 27, 2003.

Before B. FLETCHER, KLEINFELD and MCKEOWN, Circuit Judges.

---

## MEMORANDUM*

Petitioner–Appellant Virgil L. Carpenter appeals the denial of his petition for habeas corpus challenging his jury trial convictions for sexual abuse and sodomy. We review *de novo* the district court's denial of Carpenter's section 2254 petition. *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir. 2001).

In separate trials, Carpenter was convicted of sexually abusing first a neighbor's child and then a foster child in his care. He asserts that a juror in the second trial had been made aware of his first conviction but was not removed by the trial judge. He also asserts that Sally Nicholes, the lead investigator in the case and herself a victim of past sexual abuse, suffered from severe work-related mental health problems that were not disclosed to the defense in response to its *Brady* request, and that she had prompted the fabrication of the testimony of the two girls. Finally, he charges that the district court erred in refusing the defense access to Nicholes's worker's compensation files. We affirm the district court's rejection of his petition.

In the second trial, held in a different county from the first, a juror informed the court that she had been told in a friend's phone call that Carpenter had been "previously convicted," although she cut off the friend's comments without hearing of what crime. Responding to the court's questions, the juror said that she did not know whether the statement was true, that it would play no role in her deliberations, and that she had not shared and would not share the information with other jurors. In both his direct appeal and his petition for post-conviction relief in state court, Petitioner raised no claim of error, based on federal law, as to the seating of the juror. The claim therefore cannot be considered here. *Lyons v. Crawford,* 247 F.3d 904 (9th Cir.2001). Further, no objection was made to the state trial court.

We turn to the *Brady* claim. Nicholes, the state's lead investigator, was instrumental in obtaining the testimony of both girls and she herself testified at the trials. The prosecutor extensively relied upon her testimony in his closing arguments. In October 1992, during the first trial, her cross examination was interrupted by a sidebar. While the jury was absent, Nicholes precipitously left the stand, which she later explained was caused by an adverse reaction to Nyquil. Her testimony resumed later. Appellant cites this incident as evidence of Nicholes's deteriorating mental state. In December 1995, an Oregon's Worker's Compensation Board ALJ determined that Nicholes was suffering from the "mental and emotional disorders" of "major depression, panic attacks, and post-traumatic stress disorder," the stress of her child protective services investigations being the major contributing cause. Carpenter's trial was specifically cited as stressful for her: members of the congregation of which he was the minister attended the trial and allegedly prayed in the courthouse for his release and for divine retribution against Nicholes. Also, Nicholes recounted to the Board her own experience of childhood sexual molestation by a minister.

Obviously, if Nicholes was disabled during the autumn 1992 trials, the state should have disclosed this to Carpenter's counsel. Carpenter learned something of Nicholes's history in a chance meeting in 1998 with a former deputy district attorney who had previously worked with her. He understandably has sought discovery

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

as to the time of onset of Nicholes's problems. He seeks access to Nicholes's Worker's Compensation files to ascertain her condition at the time of his trial. The court reviewed the file *in camera* and denied access to the file, finding that it was not relevant.

The district court held that Carpenter did not exhaust his *Brady* claim at the state level and is now procedurally barred from raising it in federal court. Because of this, the district court held that to obtain habeas review on the merits, Carpenter must show both cause and prejudice. *See United States v. Mejia–Mesa*, 153 F.3d 925, 928–29 (9th Cir.1998). The district court concluded that while Carpenter can show cause, he cannot show prejudice, both because Nicholes's behavior prior to and during the trials did not evidence mental illness, and because others took part in the investigations and testified at trial.

Carpenter claims that the state suppressed evidence of "incidents" "that had a negative impact on Ms. Nicholes's mental health" and affected her behavior prior to and during the fall 1992 trials. The state denies that it had or has any evidence of Nicholes's problems surfacing before 1993, and states that it was not until 1994 that she suffered a breakdown. The district court so found. We review the district court's findings of fact for clear error. *Killian v. Poole*, 282 F.3d 1204, 1207 (9th Cir.2002). To show prejudice, Carpenter must be able to establish "a reasonable *probability* of a different result" had the state disclosed the information in its possession regarding Nicholes's mental health at the time of Carpenter's trial. *See Strickler v. Greene*, 527 U.S. 263, 291, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (emphasis in original).

Carpenter alludes to testimony from Nicholes's co-workers at her Worker's Compensation Board hearing that she sometimes found it difficult to hear children describe their experiences of sexual abuse, and that on occasion she reacted with inappropriate affect in preparing them for trial and to winning or losing a hard-fought case. The district court did not clearly err in finding that such reactions were not evidence of compromised mental health. The district court's finding that "there is no clear indication that Nicholes was suffering from mental problems at the time she investigated and testified in petitioner's cases" was not clearly erroneous. Though there was evidence from which an inference could be drawn to the contrary, there was ample evidence in support of the district court's finding. Because the district court's finding was not clearly erroneous, we agree with the district court that Carpenter cannot show prejudice and that his Brady claim is procedurally barred.

Carpenter's final claim is that the case should be remanded to the district court with instructions to provide him access to Nicholes's worker's compensation file, because the court's reliance on information not disclosed to Carpenter violates his due process rights. We review the district court's decision to allow inspection of documents reviewed *in camera* for an abuse of discretion. *See In re Grand Jury Subpoena*, 31 F.3d 826, 829 (9th Cir.1994). We have carefully reviewed the extensive worker's compensation file ourselves, and we conclude that the district court did not abuse its discretion. There is no undisclosed material in the file that would establish a reasonable probability of a different result in Carpenter's case. *See Strickler*, 527 U.S. at 291.

The district court's denial of Carpenter's habeas petition is **AFFIRMED**.