**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard Nathaniel MATTAROLO,**
**Defendant–Appellant.**

No. 02–16289.

D.C. No. CV–01–01880–WBS,
CR–96–00555–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Oct. 1, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Mattarolo's request for oral argument is denied.

Before B. FLETCHER, SILVERMAN and WARDLAW, Circuit Judges.

MEMORANDUM**

Federal prisoner Richard Nathaniel Mattarolo appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his 264–month sentence imposed following his conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a controlled substance, in violation of 21 U.S.C. § 841(d)(2). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Mattarolo contends that his constitutional rights were violated because of prosecutorial misconduct at trial and pretrial delay. The district court properly ruled that these claims were procedurally defaulted because Mattarolo did not raise them at trial or on direct appeal, and has not shown cause and prejudice. *See United States v. Johnson,* 988 F.2d 941, 945 (9th Cir.1993)

Mattarolo's next contention, that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decision in *United States v. Sanchez–Cervantes,* 282 F.3d 664, 667 (9th Cir.2002) (concluding that the ruling in *Apprendi* does not apply retroactively to initial petitions for collat-

1. Mattarolo attempts to raise a claim on appeal that was not contained in his petition before the district court. Because he has not shown extraordinary circumstances for failing to raise the claim below, we decline to consid-

eral review), *cert. denied,* 537 U.S. 939, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002).

Mattarolo also contends that his Fourth Amendment rights were violated during the April 10, 1996 search. The district court properly rejected this claim because this claim was decided adversely to Mattarolo at trial and on direct appeal, and he has not shown that an exception to the law of the case doctrine applies. *See Merritt v. Mackey,* 932 F.2d 1317, 1320 (9th Cir. 1991).

Lastly, Mattarolo raises several ineffective assistance of counsel claims. The district court properly denied these claims because Mattarolo could not demonstrate that counsel's performance was deficient or prejudicial. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1]

**AFFIRMED.**

er it. *See U.S. v. Mejia–Mesa,* 153 F.3d 925, 931 (9th Cir.1998) (concluding that where petitioner did not raise claims in 2255 motion filed in the district court and showed no extraordinary reason for failing to do so, those claims were not properly before this court and should be dismissed). All pending motions are denied.