UNITED STATES of America,
Plaintiff—Appellee,

v.

Keith Dewayne BURKS, Defendant—
Appellant.

No. 05–50306.

D.C. No. CR–04–01443–JFW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Nov. 21, 2005.

Becky S. Walker, William You, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM**

After the district court refused to appoint appellant Keith Burks a new attorney, he was convicted on the charge of felon in possession of a firearm. At sentencing, the district court ordered that Burks would not pay for his placement in a community corrections center unless the probation officer determined that Burks had the ability to pay. Burks appeals that condition of his supervised release and the denial of his motion for substitute counsel. We affirm.

The district court was within its discretion to deny Burks's motion because there was no evidence of a breakdown in communication between him and his attorney.[1]

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. This court considers three factors when evaluating a district court's decision to grant or deny a motion for substitute counsel: (1) the adequacy of the court's inquiry into the defendant's complaint; (2) the extent of conflict between the defendant and counsel; and (3) the timeliness of the motion and the extent

The only genuine conflict between them concerned trial tactics, which are "clearly within the realm of powers committed to the discretion of defense counsel."[2] The district court ascertained that Burks's complaint was that his attorney would not file motions challenging the district court's jurisdiction and whether the police had probable cause to stop him, which motions the district court determined would be meritless. Although the better approach would have been to ask follow-up questions and allow the defendant to speak fully to ensure that his concerns were exhausted, the nature of Burks's complaints gave no reason for the district court to probe further.[3] Indeed, Burks and his attorney communicated during the trial,[4] without any further complaints from Burks, and Burks was acquitted on the charge of possession of an unregistered firearm.

Because Burks failed to object to the district court's decision to delegate to the probation officer the discretion to determine his ability to pay for placement in a community corrections center under 18 U.S.C. § 3672, we review that decision for plain error. After Burks filed his brief in this appeal, we held that a district court did not plainly err in delegating such decisions.[5]

AFFIRMED.

---

of the resulting inconvenience or delay. *United States v. Cassel*, 408 F.3d 622, 637 (9th Cir.2005). The district court's decision to grant or deny a motion for substitute counsel is reviewed for an abuse of discretion. *Id.* We uphold the denial of Burks' motion without even considering the fact that he made it so late in the proceedings.

2. *United States v. Corona–Garcia*, 210 F.3d 973, 977 & n. 2 (9th Cir.2000).

3. *See United States v. McClendon*, 782 F.2d 785, 789 (9th Cir.1986) ("While the trial judge might have made a more thorough inquiry into the substance of [the] alleged conflict with counsel, [the] description of the problem and the judge's own observations provided a sufficient basis for reaching an informed decision.").

4. *See United States v. Keys*, 67 F.3d 801, 807 (9th Cir.1995) (noting that defendant and his attorney "conferred and communicated with each other on several occasions after the motion [for substitute counsel] ... was denied"), *portion of original opinion reinstated*, 153 F.3d 925 (9th Cir.1998).

5. *United States v. Dupas*, 419 F.3d 916, 924 (9th Cir.2005).

