**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jaime Pena ACOSTA, Defendant—**
**Appellant.**

No. 04–10684.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2006.*

Filed April 10, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Judson Thomas Mihok, Esq., USTU–Office of the U.S. Attorney, Evo A. Deconcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

David Edward Lipartito, Esq., Attorney at Law, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, B. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Defendant and appellant Jaime Pena Acosta is currently serving a 168–month sentence imposed by the district court after he pled guilty to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and one count of importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(H). Although we find no merit in Acosta's arguments on appeal, we remand for reconsideration of the sentence pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

Acosta challenges on Sixth Amendment grounds the district court's determination of the amount of drugs possessed, which it used to calculate the base offense level under the Sentencing Guidelines. But at his change of plea hearing, Acosta agreed with the Government's allegation of the quantity of drugs possessed. The district court committed no error in relying upon Acosta's own admissions to determine the appropriate Guidelines range.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We also note that Acosta's related argument that retroactive application of *Booker's* remedial holding violates the Ex Post Facto Clause

*See, e.g., United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (reaffirming that facts necessary to support a sentence higher than the maximum authorized by jury verdict or guilty plea must be proven to a jury beyond a reasonable doubt or admitted by the defendant).

■ We also find no error in the district court's determination that Acosta was not entitled to a minor role adjustment. Acosta's assertion that he was a mere courier does not persuade us that the district court clearly erred, particularly because Acosta admitted he knowingly smuggled a large quantity of drugs into the United States, he was the sole occupant of the vehicle in which the drugs were hidden, and he was paid a substantial sum of money. *See United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000) (affirming denial of minor role adjustment on similar facts).

■ Finally, Acosta asserts that his 168–month sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. However, "punishment within legislatively mandated guidelines is presumptively valid. Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." *United States v. Mejia–Mesa,* 153 F.3d 925, 930 (9th Cir.1998) (citations and quotations omitted). Acosta's sentence of 168 months is at the bottom of the applicable Guidelines range, and is far below the statutory maximum of life imprisonment. Acosta offers no justification for us to hold that his sentence is grossly disproportionate to the crimes of possession of methamphetamine with intent to distribute and importation of methamphetamine. *See United States v. Cupa–Guillen,* 34 F.3d 860, 864 (9th Cir.1994) ("[A]

is foreclosed by *United States v. Dupas,* 419 F.3d 916, 920 (9th Cir.2005).

sentence within the limits set by a valid statute ... [must be] so grossly out of proportion to the severity of the crime as to shock our sense of justice.") (alterations omitted).

■ Although we reject Acosta's challenges to his sentence, we remand the sentence to the district court for its reconsideration and possible re-sentencing because, on this record, "it cannot be determined whether the judge would have imposed a materially different sentence had he known that the Guidelines are advisory rather than mandatory." *United States v. Ameline,* 409 F.3d 1073, 1083 (9th Cir.2005) (en banc); *United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005).

REMANDED.