**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Amber HALLING, Defendant–**
**Appellant.**

**No. 06–30382.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 16, 2007.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Andrew I. Huff, Law Office of Andrew I. Huff, Helena, MT, for Defendant–Appellant.

---

District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: RYMER and GRABER, Circuit Judges, and RHOADES *, District Judge.

## MEMORANDUM **

Defendant Amber Halling pleaded guilty to two counts of sexually exploiting children in violation of 18 U.S.C. § 2251(a). She challenges her sentence of 260 months' imprisonment.

1. The district court did not clearly err, *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006), in making its factual findings at sentencing. Specifically, there was evidence to support the findings that Defendant willingly participated in the exploitation of the children; that sexual contact occurred between her and each of the minors, M. and J.; that Defendant profited (through receipt of room and board and a small amount of money) from the exploitation; and that Defendant was mentally competent to accept responsibility for her criminal acts.

2. The district court did not abuse its discretion or "stack" the Guidelines enhancements improperly by applying a two-level enhancement because the victims were under 16. United States Sentencing Guidelines ("U.S.S.G.") § 2G2.1(b)(1) permissibly intends to impose harsher penalties on those who victimize younger children than on those who victimize older (but still minor) children. *See United States v. Wright*, 373 F.3d 935, 943 (9th Cir.2004) (upholding application of § 2G2.1(b)(1) enhancement *and* enhancement based on vulnerability attributable to victim's extreme youth and diminutive size). The district court did not apply an enhancement under U.S.S.G. § 2G2.2; the stray reference to that section was, in context, plainly a typographical error.

3. The district court considered the 18 U.S.C. § 3553(a) factors, which it cited expressly. The court's colloquy reflects consideration of these factors.

4. The sentence is reasonable in light of the factors that the district court cited, and it does not violate the Eighth Amendment. Title 18 U.S.C. § 2251 carries a statutory minimum of 15 years and a maximum of 30 years. Defendant pleaded guilty to two counts, meaning that the district court could have sentenced her to a term of imprisonment between 15 and 60 years. The district court imposed 260 months' imprisonment for each count, to run concurrently, which is toward the low end of the available statutory range. *See United States v. Mejia–Mesa*, 153 F.3d 925, 930 (9th Cir.1998) (noting that a sentence within the legislatively mandated guidelines is presumptively valid).

5. We do not consider the additional arguments raised for the first time at oral argument. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992).

AFFIRMED.

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.