NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30317 |
| Plaintiff - Appellee, | D.C. No. CV-04-064-BLW |
| v. | MEMORANDUM[*] |
| FELIPE FELIX-CARRAZCO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted March 9, 2010
Seattle, Washington

Before: FISHER and BERZON, Circuit Judges, and SNOW, District Judge.[**]

Felipe Felix-Carrazco ("Felix") contends that the district court erred when it

denied his 28 U.S.C. § 2255 petition without granting an evidentiary hearing on his

claim of ineffective assistance of counsel at trial. We have jurisdiction pursuant to 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

U.S.C. §§ 1291 and 2253, and we affirm.

The district court did not abuse its discretion in finding that the record conclusively shows that Felix is not entitled to relief on his claim of ineffective assistance. *See United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004)*; United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003). Felix fails to explain how he was prejudiced by his attorney's alleged errors. *See United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998). Although he alleges that his attorney did not conduct a proper investigation and that he was not adequately prepared for trial, Felix fails to explain how counsel was ill-prepared or why the alleged lack of preparation somehow affected the outcome in this case. *See Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir. 1997) (holding that petitioner's ineffective assistance of counsel claim failed because he did not explain what his attorney "would have found had he investigated further" and failed to explain "what lengthier preparation would have accomplished").

We also reject Felix's argument that the attorneys who prepared his § 2255 petition were ineffective because they failed to comply with the District of Idaho's Local Rules. A federal habeas petitioner has "no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition." *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Accordingly, Felix "cannot raise an ineffectiveness of counsel claim" based on his

attorneys' alleged misconduct during the § 2255 proceedings. *Id.*

**AFFIRMED.**