NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

　v.

ANDREW STEVEN GRAY, AKA Stryder
D Austin,

　　　　Defendant - Appellant.

No. 24-3322

D.C. No.
2:09-cr-00170-JCC-1

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 6, 2025**
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

　　Andrew Steven Gray appeals the district court's order granting his petition for

a writ of error coram nobis. We dismiss the appeal.

---

　　\* 　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　\*\* 　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 2010, Gray was convicted pursuant to a guilty plea on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). After Gray completed his custodial sentence and term of supervised release, the conviction that served as the predicate felony for Gray's felon-in-possession conviction was vacated. Gray then filed the underlying petition for a writ of error coram nobis and sought to vacate his felon-in-possession conviction. His petition relied on the vacatur of his predicate felony conviction as well as several cases interpreting the elements of the felon-in-possession statute that post-dated Gray's conviction. The district court granted the petition and granted the precise relief—vacatur of the 18 U.S.C. § 922(g) conviction—that Gray requested.

Gray now contends that the district court should have gone further by invalidating his entire plea agreement and both counts of his conviction. However, Gray failed to raise this argument before the district court. *See United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (dismissing claims not initially presented to the district court); *see also Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 856 (9th Cir. 2023) ("We rarely review an appeal brought by the prevailing party.").

**DISMISSED.**